IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| ANTONIO WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4023-CV-C-NKL |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Antonio Webb, an inmate confined at Fulton State Hospital, a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as sole defendant is the State of Missouri.

As grounds for equitable relief and damages, plaintiff alleges he is forced to take mind-altering medicines against his will. Plaintiff further claims his grievances are not answered.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Plaintiff's claims in this case are virtually identical to those presented in Webb v. State of Missouri, No. 07-4017 (W.D. Mo. filed Jan. 22, 2007). Plaintiff seeks injunctive relief and damages in both complaints.

"The court may consult its own records as an aid in determining whether the complaint is frivolous." Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975). Where the court finds that an indigent plaintiff seeks to file in forma pauperis a complaint which presents claims that are similar, if not identical, to those which are alleged by him in another pending action, the duplicate case may be dismissed under section 1915. Id., 518 F.2d at 367. The courts are not required to entertain redundant lawsuits, whether or not the plaintiff can pay the filing fee. Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984). Thus, while plaintiff may be entitled to proceed in forma pauperis to prosecute claims which are not otherwise "frivolous or malicious" under 28 U.S.C. § 1915, he is not entitled to expend unnecessarily the limited resources of the court and opposing parties by the initiation of duplicative actions.

IT IS, THEREFORE, RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to the provisions of 28 U.S.C. § 1915.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 12th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3